Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHAWNA BRUNS,<br><br>　　　　　　　　　　Defendant. | NO. CR18-217 RSM<br><br>UNITED STATES' SENTENCING MEMORANDUM AND MOTION PURSUANT TO USSG § 5K1.1 |

　　　The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Karyn S. Johnson and Mike Lang, Assistant United States Attorneys for said District, respectfully submits this Sentencing Memorandum.

　　　The Government agrees with the U.S. Probation and recommends the Court impose a sentence of credit for time served (approximately 14.5 months). The government also recommends five years of supervised release (which differs from Probation), and the $100 penalty assessment per count. The government believes this sentence recognizes Ms. Bruns's significant contributions to the investigation and prosecution of her co-defendants, will protect the public, will deter her future criminal conduct, and acknowledges that she would not have committed these crimes were it not for the nefarious influence of her husband, Bradley Woolard.

United States' Sentencing Memorandum
United States v. Bruns, CR18-217 RSM – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. DISCUSSION

### A. Guidelines Calculations.

Ms. Bruns has no criminal history, yielding a Criminal History Category of I. Pursuant to the U.S. Sentencing Guidelines, the government calculates the defendant's Offense Level and Guidelines range as follows:

**Count One (Conspiracy to Distribute Controlled Substances):**

| | |
|---|---:|
| Base Offense Level (USSG § 2D1.1): | **34** |
| Money Laundering (USSG § 2S1.1) | **+2** |
| Acceptance of Responsibility (USSG § 3E1.1) | **-3** |
| Safety Valve (USSG § 2D1.1(b)(18)) | **-2** |
| **Total Offense Level:** | **31** |
| **Guidelines Range:** | **108-135 months** |

The government does not believe Ms. Bruns qualifies for a role reduction pursuant to USSG § 3B1.2 (as Probation does), because she recruited others to participate in the offense, she personally distributed drugs, and she profited from the offense. This does not change the government's final recommendation, however.

The government respectfully submits that a sentence of credit for time served is appropriate, based on the statutory factors set forth in 18 U.S.C. § 3553(a), including: the defendant's substantial assistance to the investigation and prosecution of her co-defendants, the history and characteristics of the defendant, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense and afford adequate deterrence. These factors will be addressed below.

### B. Motion Pursuant to USSG § 5K1.1.

The government moves pursuant to USSG § 5K1.1 to request that the Court impose a sentence below the advisory guidelines range because Ms. Bruns has provided substantial assistance in the investigation and prosecution of her co-defendants. The

United States' Sentencing Memorandum
*United States* v. *Bruns*, CR18-217 RSM – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government offers a more detailed discussion of Ms. Bruns' assistance in its Sealed Sentencing Supplement (Exhibit A).

### C. The Defendant's History and Characteristics.

Ms. Bruns's history and characteristics are well-documented to the Court in the Probation Office's Presentence Investigation Report and in the reports provided by defense counsel. This history supports the proposed sentence. Ms. Bruns has had no criminal history outside of this conspiracy. Significantly, her participation in this conspiracy was solely due to her ill-fated relationship to Mr. Woolard, who is nine years older than Ms. Bruns, and who Ms. Bruns met when she was still in high school and merely sixteen years old. It has been undisputed that Mr. Woolard introduced Ms. Bruns to drugs, to which she became addicted, and likely further encouraged her to participate in helping Woolard in the drug conspiracy. There can be little doubt that Ms. Bruns was under the sway of Mr. Woolard for much of her adult life. Her history and characteristics suggest she probably would have led a crime-free life but for Woolard's guiding hand.

### D. The Nature and Circumstances of the Offense.

Ms. Bruns committed a very serious offense. The government has submitted several pleadings to this Court outlining the dangers of fentanyl and opioids. This justifies the sanction already imposed (14.5 months), and the need for further supervision.

### E. The Need for Deterrence.

The government believes that a sentence of credit for time served and several years of supervision will deter Ms. Bruns from further criminal conduct. She has two young daughters who will motivate her to remain crime free, and a supportive family who will also help her avoid criminality.

//

//

United States' Sentencing Memorandum
*United States* v. *Bruns*, CR18-217 RSM – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. CONCLUSION

The government's recommendation acknowledges the defendant's unique history and characteristics, will protect the public, serve as a deterrent, and achieve the ends of justice.

Dated this 3rd day of September, 2021.

>Respectfully submitted,
>TESSA M. GORMAN
>Acting United States Attorney
>
>*s/ Michael Lang*
>MICHAEL LANG
>KARYN JOHNSON
>Assistant United States Attorneys
>United States Attorney's Office
>700 Stewart Street, Suite 5220
>Seattle, Washington 98101-1271
>Telephone:    (206) 553-7970
>Email: Mike.Lang@usdoj.gov

United States' Sentencing Memorandum
*United States* v. *Bruns*, CR18-217 RSM – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970